**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**FILED**

MAR 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BARBARA A. STUART ROBINSON, | No. 19-17536 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-04786-DJH-CDB |
| v. | |
| CITY OF PHOENIX, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted March 16, 2021**

Before:    GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Barbara A. Stuart Robinson appeals pro se from the district court's judgment

dismissing her 42 U.S.C. § 1983 action alleging federal and state law claims.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for

failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Doughtery*

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*v. City of Covina*, 654 F.3d 892, 897 (9th Cir. 2011). We affirm.

The district court properly dismissed Robinson's action because Robinson failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Castro v. County of Los Angeles*, 833 F.3d 1060, 1073-76 (9th Cir. 2016) (en banc) (discussing requirements to establish municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978)); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1996) ("Proof of random acts or isolated events is insufficient to establish custom.").

We reject as unpersuasive Robinson's contention regarding errors in the district court's civil rights complaint form.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

19-17536